IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kevin Wilkins, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. _____ |
| READY MIX USA LLC, a domestic limited liability company, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Kevin Wilkins ("Plaintiff"), on behalf of himself and others similarly situated, and brings this action against Ready Mix USA LLC under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation.

## PARTIES

1. The Plaintiff, Kevin Wilkins ("Plaintiff"), is a resident of Bartow County, Georgia and is a former employee of Defendant, Ready Mix USA LLC.

2. Plaintiff brings this action, on behalf of himself and all others similarly situated, for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3. Plaintiff worked for Defendant as a ready mix cement truck driver and performed related duties for Defendant in, among others, Cobb, Bartow and Paulding Counties in Georgia from on or about 2005 through November of 2010.

4. Defendant, Ready Mix USA LLC, is an Alabama limited liability company with its principal place of business in Tuscaloosa, Alabama. Ready Mix USA LLC operates and conducts business in, among others, Cobb, Bartow and Paulding Counties in Georgia and is, therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for Defendant at any time within the past three (3) years.

6. Based upon information and belief, at all material times relevant to this action, Defendant were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendant had an annual business dollar volume of at least $500,000.

7. Defendant is engaged in interstate commerce and was so engaged during Plaintiff's employment with Defendant.

8. At all relevant times, Defendant had two or more employees of its enterprise individually engaged in commerce or whom otherwise individually meet the traditional test of individual coverage.

9. Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his duties for Defendant.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.  This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff was employed by Defendant as a ready mix cement truck driver from 2005 through November 2010.

13. Defendant paid Plaintiff a set dollar amount per load per week during one or more workweeks while employed by Defendant.

14. Plaintiff worked over forty (40) hours during one or more of the workweeks where Defendant paid Plaintiff a set dollar amount per load per week.

15. Defendant did not pay Plaintiff time and one half of his regular rate of pay for all hours worked over forty (40) in one or more of the workweeks where Defendant paid Plaintiff a set dollar amount per load per week.

16. At intermittent times relevant to this action, Defendant failed to comply with 29 USC §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of 40 within a workweek.

17. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendant.

## COUNT ONE:
## RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-18 above.

19. Defendant paid Plaintiff a set dollar amount per load per week during one or more workweeks while employed by Defendant.

20. Plaintiff worked over forty (40) hours during one or more of the workweeks where Defendant paid Plaintiff a set dollar amount per load per week.

21. Defendant did not pay Plaintiff time and one half of his regular rate of pay for all hours worked over forty (40) in one or more of the workweeks where Defendant paid Plaintiff a set dollar amount per load per week.

22. Plaintiff was entitled to be paid overtime compensation at one and one-half times his regular rate of pay for each hour worked in excess of 40 per workweek.

23. Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for overtime hours worked, in violation of the FLSA.

24. Upon information and belief, Defendant's failure to properly compensate Plaintiff for his overtime hours worked was willful and/or reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

25. As a result of Defendant's intentional, willful, and reckless failure to lawfully compensate Plaintiff and all others similarly situated at time and one-half for overtime hours that he worked, Plaintiff and all others similarly situated have suffered damages and incurred reasonable attorney's fees and costs.

26. As a result of Defendant's intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and all others similarly situated are entitled to back wages and liquidated damages from Defendant for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

27.     Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendant's practice of not paying overtime wages to Plaintiff violates the FLSA, and that all hours worked over forty in a workweek should be paid at time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and such further relief as this Honorable Court may deem to be just and proper.

        Respectfully submitted,

        MORGAN & MORGAN, PA

        By:     s/Jennifer M. Bermel
                Jennifer M. Bermel, # 794231
                2600 One Commerce Square
                Memphis, Tennessee 38103
                Tel: (901) 217-7000
                Fax: (901) 333-1871
                Email: jbermel@forthepeople.com

DATED: January 11, 2011